# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

CURTIS EVANS                                                                PLAINTIFF

V.                                             NO. 4:16-CV-84-DMB-DAS

MARSHALL FISHER, et al.                                      DEFENDANTS

## ORDER OF DISMISSAL

On October 20, 2017, Curtis Evans filed a document titled "Motion to drop case." Doc. #70. Three days later, on October 23, 2017, counsel for the defendants informed the Court that the defendants do not oppose "the plaintiff's motion to voluntarily dismiss the above referenced case."

The Court interprets Evans' request as a motion for voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure, which grants a court authority to dismiss an action "at the plaintiff's request." Where, as here, a pro se request for dismissal does not specify whether dismissal is sought with or without prejudice, a district court is "required to interpret the [request] one way or the other." *Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir. 1998). In doing so, the court should take into account the "context in which the … motion to dismiss was made." *U.S. ex rel Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 811 (10th Cir. 2002).

When considering context, this Court draws guidance from the four "plain legal prejudice" factors employed by courts in the Fifth Circuit to evaluate whether to allow a plaintiff to voluntarily dismiss a case without prejudice. These four factors are "(1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the

fact that a motion for summary judgment has been filed by the defendant." *Fuhgetaboutit, LLC v. Columbus Police Dep't*, No. 1:10-cv-207, 2011 WL 4529665, at *3 (N.D. Miss. Sept. 28, 2011).

Here, the record shows that the defendants have responded to all discovery propounded by Evans and have engaged in an active motion practice throughout this case. Accordingly, the Court finds the first factor – the defendant's effort and expense involved in preparing for trial – points toward a dismissal with prejudice. Next, the record reflects that Evans regularly responds to the Court's orders and motions of the defendants and has, therefore, pursued this action with diligence. Thus, the second factor favors dismissal without prejudice. The third and fourth factors, however, weigh in favor of a dismissal with prejudice because Evans has offered no explanation for the requested dismissal and because there is a pending motion for summary judgment. Under these circumstances, the Court interprets Evans' motion as a motion to dismiss with prejudice. Accordingly, Evans' motion [70] is **GRANTED** and this case is **DISMISSED with prejudice**.

**SO ORDERED**, this 1st day of November, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**